UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DURRELL D. PALMER,

    Plaintiff,

v.                                Case No. 3:21cv602-TKW-HTC

BONDED FILTER SOLUTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Durrell Palmer ("Palmer"), proceeding *pro se* and *informa pauperis*, brings this employment action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with an order of the Court.

Palmer initiated this matter by filing a complaint on April 12, 2021, purportedly seeking to allege claims against his former employer, Defendant Bonded Filter Co., LLC ("Bonded Filter"), for retaliatory termination, employment

discrimination arising out of a failure to promote, and for a racially hostile work environment. ECF Doc. 1.

On August 10, 2021, Bonded Filter filed a motion to stay or, alternatively, a motion to dismiss Plaintiff's complaint, (ECF Doc. 1), for failure to exhaust and failure to state a claim. ECF Doc. 10. Specifically, Bonded Filter argued the retaliatory discharge claim was the subject of a pending charge before the Equal Employment Opportunity Comimssion, which had been filed after Plaintiff initiated suit here, and thus should be stayed or dismissed for failure to exhaust. Bonded Filter also argued the other claims were subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not respond to Defendant's motion.

On October 5, 2021, the undersigned issued a show cause order which directed Plaintiff to show cause why Plaintiff's case should not be dismissed for failure to state a claim and failure to prosecute. ECF Doc. 11. Namely, the Court directed Plaintiff that if he wanted to proceed with the retaliatory discharge claim, he must provide the Court with a status on the pending EEOC charge.[1] Also, the Court directed Plaintiff he must file an amended complaint containing facts sufficient to establish the elements of a hostile work environment claim and failure to promote

---

[1] As set forth in the show cause order, this Court has anciallary jurisdiction over the retaliatory discharge claim if it arises out of the pending claims. However, because of the pending EEOC charge, a stay may be appropriate depending on the status of the EEOC charge and to prevent inconsistent results. Thus, the Court requested Plaintiff provide a status of that charge.

Case No. 3:21cv602-TKW-HTC

claim if he wanted to proceed with those claims.[2]  ECF Doc. 11.  The Court warned Plaintiff that if he neither files a sufficient amended complaint nor respond to the show cause order, the Court will recommend this action be dismissed.  *Id.*

The time for Plaintiff to respond to the Court's show cause order has passed without a response from Plaintiff.  Indeed, Plaintiff has taken no other action in this case since May 2021.  Given Plaintiff's failure to respond to Defendant's motion to stay or to dismiss and to this Court's order, it appears Plaintiff no longer wishes to pursue his claims in this forum.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 27th day of October, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] As detailed in the show cause order, the Court agreed with Bonded Filter that Plaintiff's facts, as alleged, failed to support a claim for either a hostile work environment or failure to promote and thus those claims would be subject to dismissal.  However, because Plaintiff is proceeding *pro se*, the Court gave Plaintiff an opportunity to file an amended complaint.

Case No. 3:21cv602-TKW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.